IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CELGENE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| AMNEAL PHARMACEUTICALS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Celgene Corporation ("Celgene" or "Plaintiff"), by its undersigned attorneys, brings this action against Defendant Amneal Pharmaceuticals LLC ("Amneal" or "Defendant"), and hereby alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and in particular under 35 U.S.C. § 271. This action relates to Abbreviated New Drug Application ("ANDA") No. 211782 (hereinafter, "Amneal's ANDA"), filed by and for the benefit of Amneal with the United States Food and Drug Administration ("FDA"). Through Amneal's ANDA, Amneal seeks approval to market generic versions of Celgene's OTEZLA® (apremilast) 10 mg, 20 mg, and 30 mg tablets (hereinafter, "Amneal's Infringing ANDA Products"), prior to the expiration of Celgene's United States Patent Nos. 6,962,940 ("the '940 Patent"), 7,427,638 ("the '638 Patent"), 7,659,302 ("the '302 Patent"), 7,893,101 ("the '101 Patent"), 8,455,536 ("the '536 Patent"), and 9,018,243 ("the '243 Patent") (collectively, "the Patents-in-Suit").

## THE PARTIES

2.      Celgene is a biopharmaceutical company committed to improving the lives of patients worldwide. Celgene focuses on, and invests heavily in, the discovery and development of products for the treatment of severe and life-threatening conditions. Celgene is a world leader in the treatment of many such diseases. Celgene is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 86 Morris Avenue, Summit, New Jersey 07901.

3.      On information and belief, Defendant Amneal Pharmaceuticals LLC is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 400 Crossing Boulevard, Third Floor, Bridgewater, New Jersey 08807.

## JURISDICTION AND VENUE

4.      This is a civil action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271, for infringement of the Patents-in-Suit.

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

6.      This Court has personal jurisdiction over Defendant Amneal because, on information and belief, Amneal is a limited liability company organized and existing under the laws of the State of Delaware. This Court also has personal jurisdiction over Defendant Amneal because, *inter alia*, on information and belief, Amneal has continuous and systematic contacts with the State of Delaware, regularly conducts business in the State of Delaware, either directly or through one or more wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the State of Delaware, and intends to sell

–2–

Amneal's Infringing ANDA Products in the State of Delaware upon approval of ANDA No. 211782.

7.    On information and belief, Amneal is in the business of, *inter alia*, developing, manufacturing, obtaining regulatory approval, marketing, selling, and distributing generic copies of branded pharmaceutical products throughout the United States, including within the State of Delaware, through its own actions and through the actions of its agents and subsidiaries, from which Amneal derives a substantial portion of its revenue.

8.    On information and belief, Amneal, through its own actions and through the actions of its agents and subsidiaries, has engaged in the research and development, and the preparation and filing, of ANDA No. 211782, continues to engage in seeking FDA approval of this ANDA, intends to engage in the commercial manufacture, marketing, offer for sale, sale, or importation of Amneal's Infringing ANDA Products throughout the United States, including within the State of Delaware, and stands to benefit from the approval of ANDA No. 211782.

9.    On information and belief, Amneal, through its own actions and through the actions of its agents and subsidiaries, prepared and submitted ANDA No. 211782 with a Paragraph IV Certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

10.    On information and belief, following FDA approval of ANDA No. 211782, Amneal intends to market, offer to sell, sell, or distribute Amneal's Infringing ANDA Products throughout the United States and within the State of Delaware, that will, as explained below, infringe upon Celgene's rights in the Patents-in-Suit protecting its OTEZLA® products. On information and belief, following FDA approval of ANDA No. 211782, Amneal knows and intends that Amneal's Infringing ANDA Products will be marketed, used, distributed, offered for sale, or sold in the United States and within the State of Delaware.

11.     On information and belief, Amneal is registered to do business in the State of Delaware under File Number 3809030 and holds active Pharmacy - Wholesale licenses (Nos. A4-0001536 and A4-0002253) in Delaware.

12.     Amneal has consented to personal jurisdiction in this Court in numerous recent actions arising out of its ANDA filings and has filed counterclaims in such cases. *See, e.g.*, *Purdue Pharma L.P. et al. v. Amneal Pharm., LLC*, No. 17-1421-RGA, D.I. 14 (D. Del. Nov. 13, 2017); *Gilead Sciences, Inc. et al. v. Amneal Pharm. LLC*, No. 17-943-JFB-SRF, D.I. 9 (D. Del. Oct. 10, 2017); *Galderma Labs. L.P. et al. v. Amneal Pharm. LLC et al.*, No. 16-207-LPS, D.I. 11 (D. Del. May 11, 2016). Amneal has purposefully availed itself of the rights and benefits of this Court by asserting counterclaims in this Court.

13.     This Court also has personal jurisdiction over Amneal at least because, *inter alia*, (a) Amneal has filed an ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, or importation of Amneal's Infringing ANDA Products in the United States, including in the State of Delaware; (b) Amneal, through its own actions and through the actions of its agents and subsidiaries, will market, distribute, offer to sell, or sell Amneal's Infringing ANDA Products in the United States, including in the State of Delaware and to residents of this Judicial District, upon approval of ANDA No. 211782, and will derive substantial revenue from the use or consumption of Amneal's Infringing ANDA Products in the State of Delaware; and (c) Amneal has purposefully availed itself of the privilege of doing business in the State of Delaware by placing goods into the stream of commerce for distribution throughout the United States and within the State of Delaware, and/or by selling, directly or through its agents, pharmaceutical products in the State of Delaware. On information and belief, if ANDA No. 211782 is approved, Amneal's Infringing ANDA Products charged with infringing the Patents-in-Suit would, *inter*

–4–

*alia*, be marketed, distributed, offered for sale, or sold in the State of Delaware, prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware, all of which would have a substantial effect on Delaware.

14.     This Court also has personal jurisdiction over Amneal because Amneal has committed, or aided, abetted, contributed to, and/or participated in the commission of, acts of patent infringement that will lead to foreseeable harm and injury to Celgene, a corporation incorporated in the State of Delaware that manufactures OTEZLA® drug products for sale and use throughout the United States, including in this Judicial District. On information and belief, Amneal filed ANDA No. 211782 with a Paragraph IV Certification, which was purposefully directed to the State of Delaware, where Celgene is incorporated. As a result, the consequences of Amneal's actions were, and will be, suffered in the State of Delaware. Amneal knew or should have known that the consequences of its actions were, and will be, suffered in the State of Delaware. At the time Amneal sent notice of the Paragraph IV Certification, it was reasonably foreseeable that Amneal would be sued within 45 days in this Judicial District, where Celgene is incorporated. On information and belief, Amneal's actions will injure Celgene by displacing at least some, if not all, of Celgene's sales of OTEZLA® drug products in this Judicial District, as well as resulting in price erosion and loss of goodwill with the purchasers and distributors of OTEZLA® drug products in this Judicial District.

15.     On information and belief, Amneal has also engaged in substantial, systematic, and continuous contacts with Delaware that satisfy due process and confer personal jurisdiction over Amneal in Delaware.

16. At least because, on information and belief, Amneal is a limited liability company organized and existing under the laws of the State of Delaware, venue is proper in this Judicial District pursuant to 28 U.S.C. § 1400(b).

## CELGENE'S PATENTS AND APPROVED OTEZLA® DRUG PRODUCTS

17. Celgene makes and sells OTEZLA® (apremilast) 10 mg, 20 mg, and 30 mg tablets (collectively, "OTEZLA®") for oral use to treat adult patients with active psoriatic arthritis (Indication 1.1), as well as patients with moderate to severe plaque psoriasis who are candidates for phototherapy or systemic therapy (Indication 1.2). The active ingredient in OTEZLA® is apremilast. A true and correct copy of the prescribing information for Celgene's OTEZLA® is attached as Exhibit A.

18. Celgene holds New Drug Application ("NDA") No. 205437, under which FDA approved the marketing of OTEZLA® on March 21, 2014.

19. OTEZLA® is the first approved pharmaceutical product to contain apremilast. In recognition of this, the FDA granted OTEZLA® five years of regulatory exclusivity for a new chemical entity, which expires on March 21, 2019, pursuant to 21 C.F.R. § 314.108.

20. OTEZLA® and one or more of its approved uses are covered by claims of the Patents-in-Suit.

21. The Patents-in-Suit are listed in *Approved Drug Products With Therapeutic Equivalence Evaluations* (an FDA publication commonly known as the "*Orange Book*") in connection with NDA No. 205437.

22. Celgene, as the assignee, owns the entire right, title, and interest in each of the Patents-in-Suit. Celgene has the right to enforce each of these Patents.

23.     The '940 Patent is entitled, "(+)-2-[1-(3-Ethoxy-4-Methoxyphenyl)-2-Methylsulfonylethyl]-4-Acetylaminoisoindoline-1,3-Dione, Methods of Using and Compositions Thereof." The '940 Patent was duly and legally issued on November 8, 2005. The *Orange Book* presently shows that the '940 Patent's term ends on March 19, 2023. A true and correct copy of the '940 Patent is attached as Exhibit B.

24.     The '638 Patent is entitled, "(+)-2-[1-(3-Ethoxy-4-Methoxyphenyl)-2-Methylsulfonylethyl]-4-Acetylaminoisoindoline-1,3-Dione, and Methods of Synthesis and Compositions Thereof." The '638 Patent was duly and legally issued on September 23, 2008. The *Orange Book* presently shows that the '638 Patent's term ends on February 16, 2028. A true and correct copy of the '638 Patent is attached as Exhibit C.

25.     The '302 Patent is entitled, "Methods of Using (+)-2-[1-(3-Ethoxy-4-Methoxyphenyl)-2-Methylsulfonylethyl]-4-Acetylaminoisoindoline-1,3-Dione." The '302 Patent was duly and legally issued on February 9, 2010. The *Orange Book* presently shows that the '302 Patent's term ends on March 19, 2023. A true and correct copy of the '302 Patent is attached as Exhibit D.

26.     The '101 Patent is entitled, "Solid Forms Comprising (+)-2-[1-(3-Ethoxy-4-Methoxyphenyl)-2-Methylsulfonylethyl]-4-Acetylaminoisoindoline-1,3-Dione, Compositions Thereof, and Uses Thereof." The '101 Patent was duly and legally issued on February 22, 2011. The *Orange Book* presently shows that the '101 Patent's term ends on December 9, 2023. A true and correct copy of the '101 Patent is attached as Exhibit E.

27.     The '536 Patent is entitled, "Methods of Using (+)-2-[1-(3-Ethoxy-4-Methoxyphenyl)-2-Methylsulfonylethyl]-4-Acetylaminoisoindoline-1,3-Dione." The '536 Patent was duly and legally issued on June 4, 2013. The *Orange Book* presently shows that the '536

Patent's term ends on March 19, 2023. A true and correct copy of the '536 Patent is attached as Exhibit F.

28.    The '243 Patent is entitled, "Solid Forms Comprising (+)-2-[1-(3-Ethoxy-4-Methoxyphenyl)-2-Methylsulfonylethyl]-4-Acetylaminoisoindoline-1,3-Dione." The '243 Patent was duly and legally issued on April 28, 2015. The *Orange Book* presently shows that the '243 Patent's term ends on March 19, 2023. A true and correct copy of the '243 Patent is attached as Exhibit G.

## AMNEAL'S ANDA AND NOTICE OF PARAGRAPH IV CERTIFICATION

29.    On information and belief, Amneal has submitted or caused to be submitted ANDA No. 211782 to FDA under 21 U.S.C. § 355(j), to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the apremilast tablets described therein, as a purported generic version of OTEZLA®, prior to the expiration of the Patents-in-Suit.

30.    On information and belief, Amneal's Infringing ANDA Products are tablets that comprise 10 mg, 20 mg, or 30 mg of apremilast as the active pharmaceutical ingredient.

31.    On information and belief, FDA has not yet approved ANDA No. 211782.

32.    Celgene received a Notice of Paragraph IV Certification from Amneal dated May 31, 2018 ("Notice Letter"). The Notice Letter represented that Amneal had submitted to FDA ANDA No. 211782 with a purported Paragraph IV Certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the products described in ANDA No. 211782 before the expiration of the patents listed in the *Orange Book* for OTEZLA®. Hence, Amneal's purpose in submitting ANDA No. 211782 is to obtain FDA approval to engage in the

–8–

commercial manufacture, use, offer for sale, sale, or importation into the United States of Amneal's Infringing ANDA Products before the expiration of the Patents-in-Suit.

33.    The Notice Letter states that the Paragraph IV Certification in ANDA No. 211782 alleges that the Patents-in-Suit are invalid, unenforceable, or would not be infringed by the commercial manufacture, use, offer for sale, sale, or importation into the United States of Amneal's Infringing ANDA Products.

34.    The Notice Letter contained a purported detailed statement of the factual and legal basis for Amneal's opinion that the Patents-in-Suit are purportedly invalid, unenforceable, or not infringed by the manufacture, use, offer for sale, sale, or importation into the United States of Amneal's Infringing ANDA Products ("Paragraph IV Statement").

35.    On information and belief, Amneal, through its own actions and through the actions of its agents and subsidiaries, has assisted with and participated in the preparation and submission of ANDA No. 211782, has provided material support to the preparation and submission of ANDA No. 211782, and intends to support the further prosecution of ANDA No. 211782.

36.    On information and belief, if FDA approves ANDA No. 211782, Amneal will manufacture, offer to sell, or sell Amneal's Infringing ANDA Products within the United States, including within the State of Delaware, or will import Amneal's Infringing ANDA Products into the United States, including Delaware.

37.    On information and belief, if FDA approves ANDA No. 211782, Amneal will actively induce or contribute to the manufacture, use, offer to sell, sale, or importation of Amneal's Infringing ANDA Products in the United States.

38.     Celgene brings this action pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) within forty-five days of receipt of the Notice Letter. *See* 21 U.S.C. § 355(c)(3)(C).

## COUNT 1
## <u>INFRINGEMENT OF THE '940 PATENT</u>

39.     Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

40.     On information and belief, Amneal has submitted or caused the submission of ANDA No. 211782 to FDA and continues to seek FDA approval of ANDA No. 211782.

41.     Amneal has infringed the '940 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 211782 with a Paragraph IV Certification and seeking FDA approval of ANDA No. 211782 prior to the expiration of the '940 Patent.

42.     The '940 Patent includes claims that recite methods of administering (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

43.     On information and belief, Amneal's Infringing ANDA Products contain (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

44.     Amneal's commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of Amneal's Infringing ANDA Products would directly infringe, or would actively induce or contribute to infringement of the '940 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c). Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 211782, Amneal will make, use, offer for sale, or sell Amneal's Infringing ANDA Products within the United States, or will import Amneal's Infringing ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '940 Patent. *See id.*

45.     On information and belief, upon FDA approval of ANDA No. 211782, Amneal, through its own actions and through the actions of its agents and subsidiaries, will market and distribute Amneal's Infringing ANDA Products to resellers, pharmacies, hospitals and other clinics, healthcare professionals, and end users of Amneal's Infringing ANDA Products. On information and belief, Amneal will also knowingly and intentionally accompany Amneal's Infringing ANDA Products with a product label and product insert that will include instructions for using or administering Amneal's Infringing ANDA Products. On information and belief, the product label and product insert accompanying Amneal's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and which, if followed, will infringe the '940 Patent. Accordingly, Amneal will induce physicians and other healthcare professionals, resellers, pharmacies, and end users of Amneal's Infringing ANDA Products to directly infringe one or more claims of the '940 Patent. In addition, on information and belief, Amneal will encourage acts of direct infringement with knowledge of the '940 Patent and knowledge that it is encouraging infringement.

46.     Amneal had actual and constructive notice of the '940 Patent prior to filing Amneal's ANDA and was aware that the filing of Amneal's ANDA with the request for FDA approval prior to the expiration of the '940 Patent would constitute an act of infringement of the '940 Patent. Amneal had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, sale, or importation of Amneal's Infringing ANDA Products would not contribute to, or induce, the infringement of the '940 Patent.

47.    Amneal's Paragraph IV Statement in the Notice Letter lacks any sufficient contention that Amneal's Infringing ANDA Products will not infringe, contribute to the infringement of, or induce the infringement of the '940 Patent.

48.    In the Notice Letter, Amneal does not allege non-infringement of one or more claims of the '940 Patent.

49.    On information and belief, Amneal filed ANDA No. 211782 without adequate justification for asserting the '940 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, sale, or importation into the United States of Amneal's Infringing ANDA Products. Amneal's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '940 Patent renders this case "exceptional" under 35 U.S.C. § 285.

50.    Celgene will be irreparably harmed if Amneal is not enjoined from infringing, and from actively inducing and contributing to the infringement of the '940 Patent. Celgene does not have an adequate remedy at law, and considering the balance of hardships between Celgene and Amneal, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT 2**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '940 PATENT**

51.    Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

52.    Celgene's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

53.    The '940 Patent includes claims that recite methods of administering (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

54.    On information and belief, Amneal's Infringing ANDA Products contain (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

55.    On information and belief, if Amneal's ANDA is approved, Amneal's Infringing ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, or will be imported into the United States, including the State of Delaware, by or through Amneal and its affiliates. Amneal will therefore directly infringe one or more claims of the '940 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a).

56.    On information and belief, Amneal knows that healthcare professionals or patients will use Amneal's Infringing ANDA Products in accordance with the labeling sought by Amneal's ANDA. On information and belief, the product label and product insert accompanying Amneal's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and which, if followed, will infringe the '940 Patent. Amneal will therefore contribute to, or induce, the infringement of one or more claims of the '940 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c).

57.    On information and belief, Amneal's infringing activity, including the commercial manufacture, use, offer for sale, sale, or importation of Amneal's Infringing ANDA Products complained of herein, will begin immediately after the FDA approves Amneal's ANDA. Any such conduct before the '940 Patent expires will directly infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '940 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

58.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Celgene and Amneal concerning liability for the infringement of the '940 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

59.    Celgene will be substantially and irreparably harmed by Amneal's infringing activities unless those activities are enjoined by this Court. Celgene has no adequate remedy at law.

60.    This case is exceptional, and Celgene is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**COUNT 3**
**<u>INFRINGEMENT OF THE '638 PATENT</u>**

61.    Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

62.    On information and belief, Amneal has submitted or caused the submission of ANDA No. 211782 to FDA and continues to seek FDA approval of ANDA No. 211782.

63.    Amneal has infringed the '638 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 211782 with a Paragraph IV Certification and seeking FDA approval of ANDA No. 211782 prior to the expiration of the '638 Patent.

64.    The '638 Patent includes claims that recite (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione; or a pharmaceutical composition or a single unit dosage form comprising (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

65.    On information and belief, Amneal's Infringing ANDA Products contain (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

–14–

66.     On information and belief, Amneal's Infringing ANDA Products are pharmaceutical compositions or single unit dosage forms containing (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

67.     Amneal's commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of Amneal's Infringing ANDA Products would directly infringe, or would actively induce or contribute to infringement of the '638 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c). Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 211782, Amneal will make, use, offer for sale, or sell Amneal's Infringing ANDA Products within the United States, or will import Amneal's Infringing ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '638 Patent. *See id.*

68.     On information and belief, upon FDA approval of ANDA No. 211782, Amneal, through its own actions and through the actions of its agents and subsidiaries, will market and distribute Amneal's Infringing ANDA Products to resellers, pharmacies, hospitals and other clinics, healthcare professionals, and end users of Amneal's Infringing ANDA Products. On information and belief, Amneal will also knowingly and intentionally accompany Amneal's Infringing ANDA Products with a product label and product insert that will include instructions for using or administering Amneal's Infringing ANDA Products. On information and belief, the product label and product insert accompanying Amneal's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and which, if followed, will infringe the '638 Patent. Accordingly, Amneal will induce physicians and other healthcare professionals, resellers,

pharmacies, and end users of Amneal's Infringing ANDA Products to directly infringe one or more claims of the '638 Patent. In addition, on information and belief, Amneal will encourage acts of direct infringement with knowledge of the '638 Patent and knowledge that it is encouraging infringement.

69.    Amneal had actual and constructive notice of the '638 Patent prior to filing Amneal's ANDA and was aware that the filing of Amneal's ANDA with the request for FDA approval prior to the expiration of the '638 Patent would constitute an act of infringement of the '638 Patent. Amneal had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, sale, or importation of Amneal's Infringing ANDA Products would not contribute to, or induce, the infringement of the '638 Patent.

70.    Amneal's Paragraph IV Statement in the Notice Letter lacks any sufficient contention that Amneal's Infringing ANDA Products will not infringe, contribute to the infringement of, or induce the infringement of the '638 Patent.

71.    In the Notice Letter, Amneal does not allege non-infringement of one or more claims of the '638 Patent.

72.    On information and belief, Amneal filed ANDA No. 211782 without adequate justification for asserting the '638 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, sale, or importation into the United States of Amneal's Infringing ANDA Products. Amneal's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '638 Patent renders this case "exceptional" under 35 U.S.C. § 285.

73.    Celgene will be irreparably harmed if Amneal is not enjoined from infringing, and from actively inducing and contributing to the infringement of the '638 Patent. Celgene does not

have an adequate remedy at law, and considering the balance of hardships between Celgene and Amneal, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT 4
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '638 PATENT

74.    Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

75.    Celgene's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

76.    The '638 Patent includes claims that recite (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione; or a pharmaceutical composition or a single unit dosage form comprising (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

77.    On information and belief, Amneal's Infringing ANDA Products contain (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

78.    On information and belief, Amneal's Infringing ANDA Products are pharmaceutical compositions or single unit dosage forms containing (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

79.    On information and belief, if Amneal's ANDA is approved, Amneal's Infringing ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, or will be imported into the United States, including the State of Delaware, by or through Amneal and its affiliates. Amneal will therefore directly infringe one or more claims of the '638 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a).

–17–

80.     On information and belief, Amneal knows that healthcare professionals or patients will use Amneal's Infringing ANDA Products in accordance with the labeling sought by Amneal's ANDA. On information and belief, the product label and product insert accompanying Amneal's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and which, if followed, will infringe the '638 Patent. Amneal will therefore contribute to, or induce, the infringement of one or more claims of the '638 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c).

81.     On information and belief, Amneal's infringing activity, including the commercial manufacture, use, offer for sale, sale, or importation of Amneal's Infringing ANDA Products complained of herein, will begin immediately after the FDA approves Amneal's ANDA. Any such conduct before the '638 Patent expires will directly infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '638 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

82.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Celgene and Amneal concerning liability for the infringement of the '638 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

83.     Celgene will be substantially and irreparably harmed by Amneal's infringing activities unless those activities are enjoined by this Court. Celgene has no adequate remedy at law.

84.     This case is exceptional, and Celgene is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT 5
## INFRINGEMENT OF THE '302 PATENT

85.     Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

86.     On information and belief, Amneal has submitted or caused the submission of ANDA No. 211782 to FDA and continues to seek FDA approval of ANDA No. 211782.

87.     Amneal has infringed the '302 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 211782 with a Paragraph IV Certification and seeking FDA approval of ANDA No. 211782 prior to the expiration of the '302 Patent.

88.     The '302 Patent includes claims that recite methods of administering (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

89.     On information and belief, Amneal's Infringing ANDA Products contain (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

90.     Amneal's commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of Amneal's Infringing ANDA Products would directly infringe, or would actively induce or contribute to infringement of the '302 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c). Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 211782, Amneal will make, use, offer for sale, or sell Amneal's Infringing ANDA Products within the United States, or will import Amneal's Infringing ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '302 Patent. *See id.*

91.     On information and belief, upon FDA approval of ANDA No. 211782, Amneal, through its own actions and through the actions of its agents and subsidiaries, will market and

distribute Amneal's Infringing ANDA Products to resellers, pharmacies, hospitals and other clinics, healthcare professionals, and end users of Amneal's Infringing ANDA Products. On information and belief, Amneal will also knowingly and intentionally accompany Amneal's Infringing ANDA Products with a product label and product insert that will include instructions for using or administering Amneal's Infringing ANDA Products. On information and belief, the product label and product insert accompanying Amneal's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and which, if followed, will infringe the '302 Patent. Accordingly, Amneal will induce physicians and other healthcare professionals, resellers, pharmacies, and end users of Amneal's Infringing ANDA Products to directly infringe one or more claims of the '302 Patent. In addition, on information and belief, Amneal will encourage acts of direct infringement with knowledge of the '302 Patent and knowledge that it is encouraging infringement.

92.    Amneal had actual and constructive notice of the '302 Patent prior to filing Amneal's ANDA and was aware that the filing of Amneal's ANDA with the request for FDA approval prior to the expiration of the '302 Patent would constitute an act of infringement of the '302 Patent. Amneal had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, sale, or importation of Amneal's Infringing ANDA Products would not contribute to, or induce, the infringement of the '302 Patent.

93.    Amneal's Paragraph IV Statement in the Notice Letter lacks any sufficient contention that Amneal's Infringing ANDA Products will not infringe, contribute to the infringement of, or induce the infringement of the '302 Patent.

94.    In the Notice Letter, Amneal does not allege non-infringement of one or more claims of the '302 Patent.

95.    On information and belief, Amneal filed ANDA No. 211782 without adequate justification for asserting the '302 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, sale, or importation into the United States of Amneal's Infringing ANDA Products. Amneal's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '302 Patent renders this case "exceptional" under 35 U.S.C. § 285.

96.    Celgene will be irreparably harmed if Amneal is not enjoined from infringing, and from actively inducing and contributing to the infringement of the '302 Patent. Celgene does not have an adequate remedy at law, and considering the balance of hardships between Celgene and Amneal, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT 6**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '302 PATENT**

97.    Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

98.    Celgene's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

99.    The '302 Patent includes claims that recite methods of administering (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

100.    On information and belief, Amneal's Infringing ANDA Products contain (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

101.    On information and belief, if Amneal's ANDA is approved, Amneal's Infringing ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, or will be imported into the United States, including the State of Delaware, by or through Amneal and its affiliates. Amneal will therefore directly infringe one or more claims of the '302 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a).

102.    On information and belief, Amneal knows that healthcare professionals or patients will use Amneal's Infringing ANDA Products in accordance with the labeling sought by Amneal's ANDA. On information and belief, the product label and product insert accompanying Amneal's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and which, if followed, will infringe the '302 Patent. Amneal will therefore contribute to, or induce, the infringement of one or more claims of the '302 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c).

103.    On information and belief, Amneal's infringing activity, including the commercial manufacture, use, offer for sale, sale, or importation of Amneal's Infringing ANDA Products complained of herein, will begin immediately after the FDA approves Amneal's ANDA. Any such conduct before the '302 Patent expires will directly infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '302 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

104.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Celgene and Amneal concerning liability for the infringement of

the '302 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

105.   Celgene will be substantially and irreparably harmed by Amneal's infringing activities unless those activities are enjoined by this Court. Celgene has no adequate remedy at law.

106.   This case is exceptional, and Celgene is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT 7
## INFRINGEMENT OF THE '101 PATENT

107.   Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

108.   On information and belief, Amneal has submitted or caused the submission of ANDA No. 211782 to FDA and continues to seek FDA approval of ANDA No. 211782.

109.   Amneal has infringed the '101 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 211782 with a Paragraph IV Certification and seeking FDA approval of ANDA No. 211782 prior to the expiration of the '101 Patent.

110.   The '101 Patent includes claims that recite a form of (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione, wherein the form has an X-ray powder diffraction pattern comprising certain specified peaks.

111.   On information and belief, Amneal's Infringing ANDA Products contain a form of (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione, wherein the form has an X-ray powder diffraction pattern comprising the specified peaks.

112.   Amneal's commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of Amneal's Infringing ANDA Products would

directly infringe, or would actively induce or contribute to infringement of the '101 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c). Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 211782, Amneal will make, use, offer for sale, or sell Amneal's Infringing ANDA Products within the United States, or will import Amneal's Infringing ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '101 Patent. *See id.*

113.    On information and belief, upon FDA approval of ANDA No. 211782, Amneal, through its own actions and through the actions of its agents and subsidiaries, will market and distribute Amneal's Infringing ANDA Products to resellers, pharmacies, hospitals and other clinics, healthcare professionals, and end users of Amneal's Infringing ANDA Products. On information and belief, Amneal will also knowingly and intentionally accompany Amneal's Infringing ANDA Products with a product label and product insert that will include instructions for using or administering Amneal's Infringing ANDA Products. On information and belief, the product label and product insert accompanying Amneal's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and which, if followed, will infringe the '101 Patent. Accordingly, Amneal will induce physicians and other healthcare professionals, resellers, pharmacies, and end users of Amneal's Infringing ANDA Products to directly infringe one or more claims of the '101 Patent. In addition, on information and belief, Amneal will encourage acts of direct infringement with knowledge of the '101 Patent and knowledge that it is encouraging infringement.

–24–

114.    Amneal had actual and constructive notice of the '101 Patent prior to filing Amneal's ANDA and was aware that the filing of Amneal's ANDA with the request for FDA approval prior to the expiration of the '101 Patent would constitute an act of infringement of the '101 Patent. Amneal had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, sale, or importation of Amneal's Infringing ANDA Products would not contribute to, or induce, the infringement of the '101 Patent.

115.    Amneal's Paragraph IV Statement in the Notice Letter lacks any sufficient contention that Amneal's Infringing ANDA Products will not infringe, contribute to the infringement of, or induce the infringement of the '101 Patent.

116.    On information and belief, Amneal filed ANDA No. 211782 without adequate justification for asserting the '101 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, sale, or importation into the United States of Amneal's Infringing ANDA Products. Amneal's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '101 Patent renders this case "exceptional" under 35 U.S.C. § 285.

117.    Celgene will be irreparably harmed if Amneal is not enjoined from infringing, and from actively inducing and contributing to the infringement of the '101 Patent. Celgene does not have an adequate remedy at law, and considering the balance of hardships between Celgene and Amneal, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT 8
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '101 PATENT

118.    Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

119. Celgene's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

120. The '101 Patent includes claims that recite a form of (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione, wherein the form has an X-ray powder diffraction pattern comprising certain specified peaks.

121. On information and belief, Amneal's Infringing ANDA Products contain a form of (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione, wherein the form has an X-ray powder diffraction pattern comprising the specified peaks.

122. On information and belief, if Amneal's ANDA is approved, Amneal's Infringing ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, or will be imported into the United States, including the State of Delaware, by or through Amneal and its affiliates. Amneal will therefore directly infringe one or more claims of the '101 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a).

123. On information and belief, Amneal knows that healthcare professionals or patients will use Amneal's Infringing ANDA Products in accordance with the labeling sought by Amneal's ANDA. On information and belief, the product label and product insert accompanying Amneal's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and which, if followed, will infringe the '101 Patent. Amneal will therefore contribute to, or induce, the infringement of one or more claims of the '101 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c).

124.    On information and belief, Amneal's infringing activity, including the commercial manufacture, use, offer for sale, sale, or importation of Amneal's Infringing ANDA Products complained of herein, will begin immediately after the FDA approves Amneal's ANDA. Any such conduct before the '101 Patent expires will directly infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '101 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

125.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Celgene and Amneal concerning liability for the infringement of the '101 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

126.    Celgene will be substantially and irreparably harmed by Amneal's infringing activities unless those activities are enjoined by this Court. Celgene has no adequate remedy at law.

127.    This case is exceptional, and Celgene is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**COUNT 9**
**INFRINGEMENT OF THE '536 PATENT**

128.    Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

129.    On information and belief, Amneal has submitted or caused the submission of ANDA No. 211782 to FDA and continues to seek FDA approval of ANDA No. 211782.

130.    Amneal has infringed the '536 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 211782 with a Paragraph IV Certification and seeking FDA approval of ANDA No. 211782 prior to the expiration of the '536 Patent.

131.   The '536 Patent includes claims that recite methods of administering (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

132.   On information and belief, Amneal's Infringing ANDA Products contain (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

133.   Amneal's commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of Amneal's Infringing ANDA Products would directly infringe, or would actively induce or contribute to infringement of the '536 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c). Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 211782, Amneal will make, use, offer for sale, or sell Amneal's Infringing ANDA Products within the United States, or will import Amneal's Infringing ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '536 Patent. *See id.*

134.   On information and belief, upon FDA approval of ANDA No. 211782, Amneal, through its own actions and through the actions of its agents and subsidiaries, will market and distribute Amneal's Infringing ANDA Products to resellers, pharmacies, hospitals and other clinics, healthcare professionals, and end users of Amneal's Infringing ANDA Products. On information and belief, Amneal will also knowingly and intentionally accompany Amneal's Infringing ANDA Products with a product label and product insert that will include instructions for using or administering Amneal's Infringing ANDA Products. On information and belief, the product label and product insert accompanying Amneal's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and which, if followed, will infringe the '536

Patent. Accordingly, Amneal will induce physicians and other healthcare professionals, resellers, pharmacies, and end users of Amneal's Infringing ANDA Products to directly infringe one or more claims of the '536 Patent. In addition, on information and belief, Amneal will encourage acts of direct infringement with knowledge of the '536 Patent and knowledge that it is encouraging infringement.

135.    Amneal had actual and constructive notice of the '536 Patent prior to filing Amneal's ANDA and was aware that the filing of Amneal's ANDA with the request for FDA approval prior to the expiration of the '536 Patent would constitute an act of infringement of the '536 Patent. Amneal had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, sale, or importation of Amneal's Infringing ANDA Products would not contribute to, or induce, the infringement of the '536 Patent.

136.    Amneal's Paragraph IV Statement in the Notice Letter lacks any sufficient contention that Amneal's Infringing ANDA Products will not infringe, contribute to the infringement of, or induce the infringement of the '536 Patent.

137.    In the Notice Letter, Amneal does not allege non-infringement of one or more claims of the '536 Patent.

138.    On information and belief, Amneal filed ANDA No. 211782 without adequate justification for asserting the '536 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, sale, or importation into the United States of Amneal's Infringing ANDA Products. Amneal's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '536 Patent renders this case "exceptional" under 35 U.S.C. § 285.

139.     Celgene will be irreparably harmed if Amneal is not enjoined from infringing, and from actively inducing and contributing to the infringement of the '536 Patent. Celgene does not have an adequate remedy at law, and considering the balance of hardships between Celgene and Amneal, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT 10**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '536 PATENT**

140.     Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

141.     Celgene's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

142.     The '536 Patent includes claims that recite methods of administering (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

143.     On information and belief, Amneal's Infringing ANDA Products contain (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

144.     On information and belief, if Amneal's ANDA is approved, Amneal's Infringing ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, or will be imported into the United States, including the State of Delaware, by or through Amneal and its affiliates. Amneal will therefore directly infringe one or more claims of the '536 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a).

145.     On information and belief, Amneal knows that healthcare professionals or patients will use Amneal's Infringing ANDA Products in accordance with the labeling sought by Amneal's ANDA. On information and belief, the product label and product insert accompanying

Amneal's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and which, if followed, will infringe the '536 Patent. Amneal will therefore contribute to, or induce, the infringement of one or more claims of the '536 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c).

146. On information and belief, Amneal's infringing activity, including the commercial manufacture, use, offer for sale, sale, or importation of Amneal's Infringing ANDA Products complained of herein, will begin immediately after the FDA approves Amneal's ANDA. Any such conduct before the '536 Patent expires will directly infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '536 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

147. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Celgene and Amneal concerning liability for the infringement of the '536 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

148. Celgene will be substantially and irreparably harmed by Amneal's infringing activities unless those activities are enjoined by this Court. Celgene has no adequate remedy at law.

149. This case is exceptional, and Celgene is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT 11
## INFRINGEMENT OF THE '243 PATENT

150. Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

151.    On information and belief, Amneal has submitted or caused the submission of ANDA No. 211782 to FDA and continues to seek FDA approval of ANDA No. 211782.

152.    Amneal has infringed the '243 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 211782 with a Paragraph IV Certification and seeking FDA approval of ANDA No. 211782 prior to the expiration of the '243 Patent.

153.    The '243 Patent includes claims that recite methods of administering a form of (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione, wherein the form has an X-ray powder diffraction pattern comprising certain specified peaks.

154.    On information and belief, Amneal's Infringing ANDA Products contain a form of   (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione, wherein the form has an X-ray powder diffraction pattern comprising the specified peaks.

155.    Amneal's commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of Amneal's Infringing ANDA Products would directly infringe, or would actively induce or contribute to infringement of the '243 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c). Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 211782, Amneal will make, use, offer for sale, or sell Amneal's Infringing ANDA Products within the United States, or will import Amneal's Infringing ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '243 Patent. *See id.*

156.    On information and belief, upon FDA approval of ANDA No. 211782, Amneal, through its own actions and through the actions of its agents and subsidiaries, will market and

distribute Amneal's Infringing ANDA Products to resellers, pharmacies, hospitals and other clinics, healthcare professionals, and end users of Amneal's Infringing ANDA Products. On information and belief, Amneal will also knowingly and intentionally accompany Amneal's Infringing ANDA Products with a product label and product insert that will include instructions for using or administering Amneal's Infringing ANDA Products. On information and belief, the product label and product insert accompanying Amneal's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and which, if followed, will infringe the '243 Patent. Accordingly, Amneal will induce physicians and other healthcare professionals, resellers, pharmacies, and end users of Amneal's Infringing ANDA Products to directly infringe one or more claims of the '243 Patent. In addition, on information and belief, Amneal will encourage acts of direct infringement with knowledge of the '243 Patent and knowledge that it is encouraging infringement.

157.    Amneal had actual and constructive notice of the '243 Patent prior to filing Amneal's ANDA and was aware that the filing of Amneal's ANDA with the request for FDA approval prior to the expiration of the '243 Patent would constitute an act of infringement of the '243 Patent. Amneal had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, sale, or importation of Amneal's Infringing ANDA Products would not contribute to, or induce, the infringement of the '243 Patent.

158.    Amneal's Paragraph IV Statement in the Notice Letter lacks any sufficient contention that Amneal's Infringing ANDA Products will not infringe, contribute to the infringement of, or induce the infringement of the '243 Patent.

159.    On information and belief, Amneal filed ANDA No. 211782 without adequate justification for asserting the '243 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, sale, or importation into the United States of Amneal's Infringing ANDA Products. Amneal's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '243 Patent renders this case "exceptional" under 35 U.S.C. § 285.

160.    Celgene will be irreparably harmed if Amneal is not enjoined from infringing, and from actively inducing and contributing to the infringement of the '243 Patent. Celgene does not have an adequate remedy at law, and considering the balance of hardships between Celgene and Amneal, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT 12
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '243 PATENT

161.    Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

162.    Celgene's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

163.    The '243 Patent includes claims that recite methods of administering a form of (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione, wherein the form has an X-ray powder diffraction pattern comprising certain specified peaks.

164.    On information and belief, Amneal's Infringing ANDA Products contain a form of   (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione, wherein the form has an X-ray powder diffraction pattern comprising the specified peaks.

165. On information and belief, if Amneal's ANDA is approved, Amneal's Infringing ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, or will be imported into the United States, including the State of Delaware, by or through Amneal and its affiliates. Amneal will therefore directly infringe one or more claims of the '243 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a).

166. On information and belief, Amneal knows that healthcare professionals or patients will use Amneal's Infringing ANDA Products in accordance with the labeling sought by Amneal's ANDA. On information and belief, the product label and product insert accompanying Amneal's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and which, if followed, will infringe the '243 Patent. Amneal will therefore contribute to, or induce, the infringement of one or more claims of the '243 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c).

167. On information and belief, Amneal's infringing activity, including the commercial manufacture, use, offer for sale, sale, or importation of Amneal's Infringing ANDA Products complained of herein, will begin immediately after the FDA approves Amneal's ANDA. Any such conduct before the '243 Patent expires will directly infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '243 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

168. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Celgene and Amneal concerning liability for the infringement of

–35–

the '243 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

169.   Celgene will be substantially and irreparably harmed by Amneal's infringing activities unless those activities are enjoined by this Court. Celgene has no adequate remedy at law.

170.   This case is exceptional, and Celgene is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## REQUEST FOR RELIEF

WHEREFORE, Celgene respectfully requests the following relief:

(a)   The entry of a judgment, in favor of Celgene and against Amneal, that Amneal's submission of ANDA No. 211782 to the FDA seeking approval for the commercial manufacture, use, offer for sale, or sale in the United States, or importation into the United States, Amneal's Infringing ANDA Products before the expiration of the Patents-in-Suit was an act of infringement of one or more claims of the Patents-in-Suit under 35 U.S.C. § 271(e)(2)(A);

(b)   The entry of a declaratory judgment, in favor of Celgene and against Amneal, declaring that Amneal's commercial manufacture, use, offer for sale, or sale in the United States, or importation into the United States, Amneal's Infringing ANDA Products, or inducing or contributing to such conduct, would constitute infringement of one or more claims of the Patents-in-Suit by Amneal under one or more of 35 U.S.C. § 271(a), (b), and (c);

(c)   The entry of a judgment declaring that the Patents-in-Suit remain valid and enforceable;

(d)   The entry of preliminary and permanent injunctions enjoining Amneal and its officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, other related business entities, and all other persons and entities acting in concert, participation, or in privity

with Amneal, and their successors or assigns, from commercially manufacturing, using, offering to sell, or selling Amneal's Infringing ANDA Products within the United States, or importing Amneal's Infringing ANDA Products into the United States, or inducing or contributing to such conduct, until the last of the expiration dates of the Patents-in-Suit, including any extensions or regulatory exclusivities, or any later expiration of exclusivity to which Celgene is or becomes entitled;

(e)     The entry of a permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), enjoining Amneal and its officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, other related business entities, and all other persons and entities acting in concert, participation, or in privity with Amneal, and their successors or assigns, from commercially manufacturing, using, offering to sell, or selling Amneal's Infringing ANDA Products within the United States, or importing Amneal's Infringing ANDA Products into the United States, or inducing or contributing to such conduct, until the last of the expiration dates of the Patents-in-Suit, including any extensions or regulatory exclusivities, or any later expiration of exclusivity to which Celgene is or becomes entitled;

(f)     The entry of an order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of ANDA No. 211782 shall be a date that is not earlier than the last of the expiration dates of the Patents-in-Suit, including any extensions or regulatory exclusivities, or any later expiration of exclusivity to which Celgene is or becomes entitled;

(g)     A declaration under 28 U.S.C. § 2201 that if Amneal, its officers, directors, agents, servants, employees, representatives, attorneys, parents, subsidiaries, affiliates, other related business entities, or other persons or entities acting or attempting to act in concert, participation, or in privity with Amneal, or acting on Amneal's behalf, engage in the commercial

–37–

manufacture, use, offer for sale, or sale in the United States, or importation into the United States, Amneal's Infringing ANDA Products, then it will constitute an act of direct or indirect infringement of the Patents-in-Suit;

(h)     An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Amneal engages in the commercial manufacture, use, offer for sale, sale, or importation of Amneal's Infringing ANDA Products, or any product that infringes the Patents-in-Suit, or induces or contributes to such conduct, prior to the expiration of such patents, including any extensions or regulatory exclusivities;

(i)     The entry of judgment declaring that Amneal's acts render this case an exceptional case and awarding Celgene its attorneys' fees pursuant to 35 U.S.C. §§ 271(e)(4) and 285;

(j)     An award to Celgene of its costs and expenses in this action; and

(k)     Such other and further relief this Court deems just and proper.

OF COUNSEL:

George F. Pappas
Christopher N. Sipes
Michael N. Kennedy
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

Alexa Hansen
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
(415) 591-7035

July 12, 2018

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Maryellen Noreika

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiff Celgene Corporation*